## SALKIN v. ERIE R. CO.

Circuit Court of Appeals, Third Circuit.
December 23, 1927.

No. 3693.

**1. Evidence ☞359(3)—Admitting photograph of locality of railroad street safety gates, where pedestrian was injured, held not erroneous, though some changes had been made.**

In suit against railroad for alleged injury caused by railroad lowering its safety gates and striking pedestrian, admitting photograph of locality taken just before trial *held* not erroneous, though some changes had been made in location of gate, which changes were explained to jury and in no way affected issue.

**2. Evidence ☞558(9)—Cross-examination of physician, testifying from certain hypothesis as to conclusion, if certain element was not true, held proper.**

Where physician, testifying as expert in suit for injuries alleged to have resulted when struck by railroad's street safety gate, testified from certain hypothesis that plaintiff's condition was due to a blow on the head, cross-examination relative to whether conclusion would be the same, if a certain element in hypothesis was not true, *held* properly permitted.

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Suit by Lena Salkin against the Erie Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

McCarter & English, of Newark, N. J. (Frederick W. Nixon, of Newark, N. J., of counsel), for plaintiff in error.

John E. Selser and Hobart & Minard, all of Newark, N. J. (George S. Hobart, of Newark, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Lena Salkin brought suit against the Erie Railroad Company to recover damages for an alleged injury caused to her by the railroad lowering its street safety gates and striking her as she was walking along a public thoroughfare in Passaic, N. J. The issue of whether the railroad had negligently lowered its gates, and had in point of fact injured the plaintiff, was submitted to the jury in a charge of which no complaint was made, and its verdict was in favor of the railroad. Thereupon the plaintiff sued out this writ of error, and the case narrows down to alleged error of the court in allowing a certain question to be asked, and in admitting a certain photograph.

[1] As stated by the court in its charge, there was no question as to the construction of the gate itself, but the issue was whether it had been lowered and dropped on her as she was passing along the street, or whether, while it was being lowered to protect from an oncoming train, the plaintiff had walked up to it, and had stooped to get under it, and so been struck. The photograph complained of was taken just before the trial, and was simply illustrative, as enabling the jury to visualize the locality. Some changes had been made in the location of the gate on one side of the street and by the placing of netting under both gates; but these changes were explained to the jury and in no way affected the issue in the case. Nor do we see how the photograph could in any way have harmed the plaintiff or benefited the defendant. Its only use was to enable the jury to intelligently apply the testimony given by both sides. Under these circumstances the court committed no error in allowing it to be seen by the jury.

[2] Nor do we find error in the admission of the other proof. The plaintiff had called as an expert a physician, who from certain hypotheses testified the plaintiff's condition was due to a blow on the head. On cross-examination he was asked, if a certain element in the hypothesis was not, in point of fact, true, would his conclusion be the same? We think the question was clearly proper.

Finding in the two respects cited, and in no other of the assignments, any error, the judgment below is affirmed.